```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Jose Miguel Hilario**

    v.                                                               Civil No. 14-cv-342-SM

**Esker L. Tatum, Jr.**

## REPORT AND RECOMMENDATION

Jose Miguel Hilario has filed a Petition for a Writ of Mandamus (doc. no. 1), pursuant to 28 U.S.C. § 1361, and a supplemental brief (doc. no. 3) in support of the Petition. Hilario has also filed a motion (doc. no. 5) for a jury trial and a court order directing that the prison give him his legal paperwork. The Petition (doc. no. 1) and supplemental brief (doc. no. 3) are before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). The motion (doc. no. 5) is here for a report and recommendation as to disposition.

### Background

Hilario is an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), serving a sentence imposed in United States v. Hilario, No. 1:08-cr-00079-

ML-PAS-1 (D.R.I.).  In that case, Hilario plead guilty to two child pornography offenses.  The District of Rhode Island imposed concurrent sentences of 150 months and 120 months on those charges, followed by a term of supervised release for life.  Hilario neither appealed his conviction, nor moved in the District of Rhode Island to attack his sentence pursuant to 28 U.S.C. § 2255.  Hilario now files this Petition for a Writ of Mandamus, seeking release from custody and a declaration that his criminal convictions are void.

## Discussion

### I.   Jurisdiction

Hilario has filed this action as a Petition for a Writ of Mandamus challenging the constitutionality of the criminal conviction and sentence imposed by the District of Rhode Island.  This court must "look beyond the label of a prisoner's post-conviction motion to determine if he is, in substance, seeking relief under § 2255."  Brown v. United States, 569 F. App'x 738, 738 (11th Cir. 2014); see also Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008).

Section 2255(a) provides a federal prisoner with the means

to challenge the jurisdiction of the trial court:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  A § 2255 motion filed in the trial court is a federal prisoner's "exclusive means of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to test the legality of his detention.'"  Trenkler, 536 F.3d at 96 (quoting § 2255).  "The strictures of section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ."  Id. at 97.

Here, Hilario challenges his conviction and sentence, on the grounds that the District of Rhode Island did not have proper jurisdiction to entertain his criminal case, and that his conviction and sentence are therefore unconstitutional.  No facts asserted by Hilario indicate that § 2255 is "inadequate or ineffective to test the legality of his dention."  28 U.S.C. § 2255.  The court finds that Hilario's requested relief is

3

actionable, if at all, in a § 2255 motion filed in the District of Rhode Island.

## II. Recharacterization

Hilario has brought this action as a Petition for a Writ of Mandamus, and states in his prayer for relief that "This <u>'Writ of Mandamus'</u> should <u>not</u> be converted by this court into anything else." Petition (doc. no. 1), at 3 (emphasis in original). Because Hilario has specified that he does not want the court to recharacterize his mandamus petition, the court will not construe Hilario's petition as a § 2255 motion, or take steps to transfer Hilario's petition to the District of Rhode Island. However, because this court lacks jurisdiction over the subject matter of Hilario's petition, the petition should be dismissed without prejudice to his ability to file a § 2255 motion in the District of Rhode Island.[1]

## III. Pending Motion

Hilario has filed a motion seeking a "constitutional jury" and an order directing the prison to give him his legal

---

[1] This court expresses no opinion on the merits of the petition, or as to whether a section 2255 motion filed in the District of Rhode Island would satisfy the statutory gatekeeping requirements for such motions.

documents (doc. no. 5). The district judge should deny that motion as moot if this Report and Recommendation is approved, as approval would result in dismissal of the case.

## Conclusion

For the foregoing reasons, the district judge should dismiss the Petition for a Writ of Mandamus (doc. no. 1) without prejudice to Hilario's ability to file a § 2255 motion in the District of Rhode Island. The district judge should also deny the pending motion (doc. no. 5) as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 10, 2014
cc:  Jose Miguel Hilario, pro se